# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH MILLER,<br><br>                      Plaintiff,<br><br>v.<br><br>BRICK TOWNSHIP BOARD OF EDUCATION; BRICK TOWNSHIP PUBLIC SCHOOLS; JOHN & JANE DOES 1-10; XYZ CORPORATION (1-10),<br><br>                      Defendants | Civil Action No.: 3:24-cv-04340-GC-JBD<br><br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented:

   Stephan T. Mashel, Esq.
   Amy C. Blanchfield, Esq.
   Mashel Law, L.L.C.
   500 Campus Drive, Suite 303
   Morganville, New Jersey 07751
   (732)536-6161
   (732)536-6165
   Attorneys for Plaintiff Elizabeth Miller

   Sanmathi Dev, Esq.
   Capehart Scatchard, P.A.
   8000 Midlantic Drive, Suite 300S
   Mount Laurel, NJ 08054-5016
   (856) 234-6800 phone
   (856) 235-2786 fax
   Attorneys for Defendants Brick Township Board of Education
   and Brick Township Public Schools

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   (a) Plaintiff's Description of Case:

   In or about Spring 2022, Plaintiff Elizabeth Miller was hired by Defendant Brick Township Board of Education ("Brick Twp. BOE") to work as a special education teacher in the 8th

grade beginning later that Fall at Lake Riviera Middle School ("LRMS"). Ms. Miller is certified in Elementary Education K-5, Special Education P-12 and Math 6-12. Over the course of the academic year, she scored "highly effective" on all of her observations and received a positive evaluation report.

On or about March 13, 2023, and shortly after learning she was pregnant with her first child, Ms. Miller reached out to Susan LaRosa in Human Resources ("LaRosa") via email. In the email Ms. Miller informed LaRosa she was pregnant and that she was due to deliver in the middle of August '23. Ms. Miller further inquired about FMLA/pregnancy leave benefits. In response, LaRosa congratulated her and promised to forward FMLA/pregnancy paperwork to her that week.

On or about April 18, 2023, and after not receiving further communication from LaRosa, Ms. Miller followed up by email asking for any paperwork necessary for her impending need for leave to give birth to her baby and recover from same. In response, LaRosa asked if she planned to take extended time for bonding, and whether she has notified her principal. Ms. Miller replied that she did not know what extended time for bonding meant as it was her first child.

The next day, on or about April 19, 2023, all non-tenured staff received notification that they would not currently be offered a contract for the 2023-2024 school year due to budget cuts. Ms. Miller asked the LRMS Principal Kevin Campbell ("Campbell") what this meant, and he assured her it was something that happened every few years in Brick and most of the staff would get rehired. Campbell assured Ms. Miller that she was "an asset to the team." Ms. Miller heard nothing from Campbell again.

On or about April 21, 2023, LaRosa forwarded Ms. Miller FMLA and other internal paperwork to complete substantiating her need for leave.

On or about May 1, 2023, Ms. Miller emailed LaRosa asking for a meeting because she had several questions, and an upcoming doctor's appointment on May 9, 2023, at which time she planned to ask her doctor to complete the paperwork. LaRosa responded with her availability but warned her that she would be utilizing many vacation days so she might not be available.

On or about May 11, 2023, the Brick Twp. BOE agenda came out for their next meeting, approving non tenured and tenured staff for the next school year. 117 staff members were on the non-tenured approved list. Miller learned she was not one of them.

On May 11, 2023, Miller emailed LaRosa and informed her that Miller was not on the rehire list for tenured teachers.

On or about June 16, 2023, Brick Twp. BOE posted two (2) vacancies for Special Education positions available at the Emma Havens Young Elementary School (EHYES) and Lanes Mill Elementary School (LMES) each of which Miller was qualified to fill.

The closing date for applying for the Special Education positions available at EHYES and LMES was June 23, 2023.

Miller only learned of the posting for the two vacancies for Special Education positions at EHYES and LMES after the posting for the positions had been closed.

Based on the foregoing facts and circumstances and those contained in her filed Complaint, Plaintiff Miller makes the following legal claims against Defendant Brick Twp. BOE:

1. Brick Twp. BOE discriminated against Miller due to her pregnancy in violation of the New Jersey Law Against Discrimination, N.J.S.A., 10:5-1, et. seq. (LAD) by nonrenewing Miller's employment or failing to rehire Miller in retaliation for her placing the Brick Twp. BOE on notice that she would be taking leave because of Miller's pregnancy, and bonding leave after giving birth to her child.

2. Brick Twp. BOE violated the federal Family and Medical Leave Act, 29 U.S.C. §2614, *et. seq.*, (FMLA) by interfering with Miller's right to FMLA leave and benefits by nonrenewing Miller's employment or failing to rehire Miller because it did not want to provide FMLA leave and benefits to Miller because of Miller's pregnancy, nor her right to bonding leave after giving birth to her child.

3. Brick Twp. BOE violated the New Jersey Family Leave Act, N.J.S.A., 34:11B-1, *et. seq.*, (FLA) by interfering with Miller's right to FLA bonding leave by nonrenewing Miller's employment or failing to rehire Miller because it did not want to provide her with FLA bonding leave after she gave birth to her child.

4. Because of the unlawful treatment of Miller by the Brick Twp. BOE, Plaintiff Miller has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

  5. Because of the unlawful treatment of Miller by the Brick Twp. BOE, Plaintiff Miller has been and continues to suffer economic losses and pecuniary damage in the form of lost income and benefits past, present and future.

3.

  (a) Defendants' Description of Case.

  Defendants deny that Plaintiff was unlawfully discriminated against in any way. Plaintiff was a non-tenured teacher within the Brick Township School District ("District"). The District complied with all procedural and substantive safeguards afforded to Plaintiff as a non-tenured teacher. As a non-tenured teacher, Plaintiff had no legal rights to automatic rehire of her employment within the District. In addition, the District eliminated Plaintiff's position, along with others, as a result of a lawful reduction-in-force consistent with the New Jersey education laws due to budgetary and operational constraints.

4. Have settlement discussions taken place?  Yes _____ No __X__

5. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than <u>May 15, 2024.</u>

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). None.

7. The parties have not conducted discovery other than the above disclosures.

8. Proposed Joint Discovery Plan.

  (a) Discovery is needed on the following subjects: The parties need discovery on the claims set forth in plaintiff's Complaint, the defenses raised in the Defendants' Answer and plaintiff's alleged damages.

  (b) Discovery should not be conducted in phases or be limited to particular issues.

  (c) Proposed Schedule:

    1) Service of initial written discovery by <u>June 1, 2024</u>.

    2) Maximum of <u>25</u> Interrogatories by each party to each other party.

    3) Maximum of <u>10</u> depositions to be taken by each party, subject to

      any party's request for an increased number of depositions in the event that completion of written discovery reveals the need for additional depositions.

    4) Motions to amend or to add parties to be filed by <u>November 1, 2024.</u>

    5) Factual discovery to be completed by <u>March 1, 2025.</u>

    6) Plaintiff's expert report due on <u>April 1, 2025.</u>

    7) Defendant's expert report due on <u>May 15, 2025</u>.

    8) Expert depositions to be completed by <u>July 1, 2025.</u>

    9) Dispositive motions to be served within <u>120</u> days of completion of expert depositions.

 (d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: Discovery Confidentiality Order.

 (e) A pretrial conference may take place on <u>To be determined at the close of fact discovery and dispositive motion practice.</u>

 (f) Trial date: <u>To be determined by the Court after dispositive motion practice</u>. (<u>X</u> Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?

 Yes_____ No __X__

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

 Yes_____ No __X__

11. Do you anticipate any discovery problem(s) not listed above?

 Yes _____ No __X__

12. State whether this case is appropriate for voluntary arbitration (pursuant to *Local Civil Rule* 201.1 or otherwise) or mediation (pursuant to *Local Civil Rule* 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

   The parties believe that following the exchange of certified responses to document demands and certified answers to interrogatories, mediation may prove useful.

13. Is this case appropriate for bifurcation? Yes _____ No __X__

14. An interim status/settlement conference (with clients in attendance), should be held in: To be determined

15. We do not consent to the trial being conducted by a Magistrate Judge.


MASHEL LAW, LLC
Attorneys for Plaintiff Elizabeth Miller

*/s/ Amy C. Blanchfield*

Amy C. Blanchfield, Esq. - 01839-2011


CAPEHART SCATCHARD, P.A.
Attorney for Defendant Brick Township Board of Education

*/s/ Sanmathi Dev*

Sanmathi Dev, Esq.- 011602011